## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| Lolita Kendall, | Case No. 15-32585 |
| Debtor. | Judge Schmetterer |
| Chicago Patrolmen's Federal Credit Union, | |
| Plaintiff, | |
| v. | Adv. No. 15-00799 |
| Lolita Kendall, | |
| Defendant. | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Debtor Lolita Kendall ("Defendant") filed her petition for relief under Chapter 7 of the

Bankruptcy Code. Plaintiff, Chicago Patrolmen's Federal Credit Union ("Plaintiff") instituted the

above entitled Adversary Proceeding seeking determination of non-dischargeability of debt against

Defendant under 11 U.S.C. §§ 523, § 523(a)(2)(A) and § 523(a)(2)(B).

## FINDINGS OF FACT

1.      Plaintiff is a not-for-profit Credit Union located in Chicago, Illinois.

2.      Defendant is an individual currently residing in Chicago, Illinois.

3.      On September 24, 2015, the Defendant voluntarily filed for relief under chapter 7

of the United States Bankruptcy Code.

4.      On April 2, 2015, the Defendant applied for, and received, a seasonal loan from

the Credit Union in the amount of $1,500.00.

5.      The Defendant remains indebted to the Credit Union pursuant to the seasonal loan

in the amount of $1,651.76.

6. The Defendant did not intend to repay the Loan. Defendant was insolvent and close to filing for bankruptcy protection at the time she submitted the Application to the Credit Union.

7. After Defendant obtained the loan, she never made a payment.

8. There was no significant change in circumstances between the time the Defendant requested the funds and the time she filed his bankruptcy petition. There was no job loss and no sudden or unexpected financial hardship.

9. The Credit Union extended the Loan as a result of a false representation that the Defendant intended to repay the debt.

10. The Defendant overstated her income on the Loan Application, stating that her gross income was $2,000.00 per month. *See* Exhibit A. On the sworn schedule I, the Defendant states that her gross income is $1,560.00 per month.

11. The Application required the Defendant list all of her outstanding debts.

12. The Application submitted to the Credit Union on April 2, 2015 was materially false as it significantly misrepresented the Defendant's volume of debt.

13. The Defendant claimed on her Application that she had debt totaling $952.00.

14. On her sworn bankruptcy schedules, the Defendant states that she has general unsecured debt over $46,892.00.

15. The Loan Application requires applicants to disclose any outstanding judgments. The Defendant stated she did not have an outstanding judgment. Default judgment was entered against the Defendant in case number on June 19, 2014 (Case number 14 M1 108961).

16. The Credit Union reasonably relied upon the Defendant's representations regarding her financial condition when granting her the Loan.

17.     The Credit Union would not have granted Defendant the Loan had she truthfully disclosed her volume of debt.

## JURISDICTION AND VENUE

18.     Jurisdiction lies over this proceeding under 28 U.S.C. § 1334(b), and the proceeding has been referred here by Internal Operating Procedure 1S(a) of the District Court. The Complaint seeks to determine dischargeability of debt and is therefore a core proceeding under 28 U.S.C. § 1S7(b)(2)(I). Venue is properly placed in this court under 28 U.S.C. § 1409(a).

## CONCLUSIONS OF LAW

19.     Through her false representations, the Defendant received a total of $1,500.00 from a loan for which she was not eligible.

20.     As of December7, 2015, the Defendant is indebted to plaintiff in the sum of $1,651.76.

21.     The Defendant did not reasonably believe she would repay the debt, and made material misstatements on her application, on which the Plaintiff relied when granting the loan.

22.     Pursuant to 11 U.S.C. 523(a)(2)(A) of the Bankruptcy Code, said debt is not dischargeable as it is a debt for obtaining money by false representations.

23.     Pursuant to 11 U.S.C. 523(a)(2)(B) of the Bankruptcy Code, said debt is not dischargeable as it is a debt for obtaining money by a false writing.

24.     Defendant's debt to plaintiff is excepted, under 11 U.S.C. 523, from any discharge granted the defendant in the underlying bankruptcy case.

Enter:

Dated:

PREPARED BY:
TRUNKETT & TRUNKETT, P.C.
Attorneys for Plaintiff
20 N. Wacker Drive, Suite 1434
Chicago, Illinois 60606
(312) 324-3101
Caroline O'Connell Hasten: 6316656

3

1/1/16

JAN 05 2016